# EXHIBIT A

# ORIGINAL CLASS ACTION COMPLAINT & JURY DEMAND

*Kimeka Williamson, Rowean Brennan and Ivan Williamson,*

*individually and on behalf of all other similarly situated*

*v.*

*Marriott Hotel Services, LLC*

| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 S. Potomac Street,<br>Centennial, Colorado 80112 | DATE FILED<br>July 31, 2025 2:20 PM<br>FILING ID: 2ED2F093DB2D9<br>CASE NUMBER: 2025CV31798 |
|---|---|
| Plaintiffs: **Kimeka Williamson, Rowean Brennan, and Ivan Williamson,** individually and on behalf of all others similarly situated,<br><br>**v.**<br><br>Defendants: **AURORA CONVENTION CENTER HOTEL LESSEE, LLC d/b/a GAYLORD ROCKIES RESORT & CONVENTION CENTER**, a Delaware company, and MARRIOTT HOTEL SERVICES, LLC, **d/b/a GAYLORD ROCKIES RESORT & CONVENTION CENTER,** a Delaware company. | ▲COURT USE ONLY▲<br><br>_____<br><br>Case Number:<br><br>Division: |
| Attorneys for the Plaintiffs:<br><br>Adam M. Harrison, #50553<br>Cynthia J. Sanchez, #55999<br>HKM Employment Attorneys LLP<br>518 17th Street, Suite 1100<br>Denver, Colorado 80202<br>Phone: (720) 255-0370<br>Fax: (720) 668-8989<br>E-mail: aharrison@hkm.com<br>         csanchez@hkm.com | |
| **INDIVIDUAL, CLASS ACTION, AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** | |

The Plaintiffs, Kimeka Williamson, Rowean Brennan, Ivan Williamson, individually and on behalf of all others similarly situated, through their undersigned attorneys from HKM Employment Attorneys LLP, as their Individual, Class Action, and Collective Action Complaint and Jury Demand ("Complaint") against the Defendant, Aurora Convention Center Hotel Lessee, LLC d/b/a Gaylord Rockies Resort & Convention Center ("Aurora Convention Center") and Defendant Marriott Hotel Services, LLC, ("Marriott") (collectively, the "Defendants"), state as follows:

1

## NATURE OF THE ACTION

1. This case arises from the Defendants failure to pay the Plaintiffs and hundreds of other banquet servers in Colorado ("Class Members") overtime compensation for all of the hours they worked and by failing to provide them with compensated 10-minute rest periods for every four hours, or major fractions of four hours, that they worked, or, in the alternative, compensate Plaintiffs and others for the work they performed during 10-minute periods that should have been compensated rest periods, in violation of the Colorado Wage Act, C.R.S. § 8-4-101 *et seq*. ("CWA"), the applicable Colorado Minimum Wage Orders, 7 CCR 1103-1 (2019-20), the applicable Colorado Overtime and Minimum Pay Standards ("COMPS") Orders, 7 CCR 1103-1 (2020-24) (collectively "Colorado Wage and Hour Law"), and under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). *See* **Ex. 1**: Colo. Dep. of Labor and Emp., Div. Labor Stds. and Stats., Interpretive Notice & Formal Opinion ("INFO") INFO #4, Meal and Rest (Last updated Mar. 23, 2022) ("A rest period requires 10 minutes of pay without work, so work performed during a rest period is additional work requiring additional pay. That means a failure to authorize and permit a duty-free, 10-minute paid rest period is a failure to pay 10 minutes of wages at the employee's agreed-upon or legally required rate of pay (whichever is higher)").

2. At all times relevant to this Complaint, the Defendants knew – or through the exercise of reasonable diligence should have known – that their actions violated Colorado Wage and Hour Law and the FLSA. As such, the Defendants' violations of the Class Members' rights were willful. *See* C.R.S. §§ 8-4-109(3)(b)(II) (enhanced penalties for willful violations); 8-4-122 (three-year statute of limitations for willful violations of CWA); *see also Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (wage violation is "willful" if the employer "either knew or showed reckless disregard for the matter of whether its conduct violated the statute").

3. On behalf of themselves and the other Class Members, the Plaintiffs seek equitable relief, unpaid wages, applicable penalties under C.R.S. § 8-4-109(3), reasonable attorney's fees, and costs (including the costs of class administration, expert witnesses, and all other costs incurred as a result of the Defendants' violations of Colorado law). The Plaintiffs also reserve the right to seek a service award for their time and efforts on behalf of the Class Members.

4. Individually, the Plaintiffs seek unpaid wages, applicable penalties under C.R.S. § 8-4-109(3), liquidated damages, interest on unpaid wages, attorney's fees and costs. *See* C.R.S. § 8-4-120(3); *see also* 29 U.S.C. § 216(b).

## PARTIES

5. The Plaintiffs are Colorado citizens who may be reached through their undersigned attorneys at HKM Employment Attorneys LLP, 518 17th Street, Suite 1100, Denver, Colorado 80202.

2

6. At all times relevant to this Complaint, the Plaintiffs were "employee[s]" entitled to the protections of Colorado Wage and Hour Law and the FLSA. *See* C.R.S. § 8-4-101(5); 7 CCR 1103, Rule 1.5(A); 29 U.S.C. § 203(e).

7. The Defendant Aurora Convention Center is a Delaware company with their principal office at 1 Gaylord Dr, Nashville, Tennessee 37214. The Defendant may be found and will be served through their registered agent, Corporation Service Company, at 1900 W Littleton Blvd, Littleton, Colorado 80120.

8. The Defendant Marriott is a Maryland foreign limited liability company with their principal office at 7750 Wisconsin Avenue, Bethesda, Maryland 20814. The Defendant may be found and will be served through their registered agent, Corporation Service Company, at 1900 W Littleton Blvd, Littleton, Colorado 80120.

9. At all times relevant to this Complaint, the Defendants did business in Colorado as part of Colorado's Food and Beverage industry and the Retail and Service industry. *See* 7 CCR 1103-1, Section 1(A), and 1(C) (2019-20).

10. At all times relevant to this Complaint, the Plaintiffs and the Class Members performed work for the Defendants in the State of Colorado. *See* C.R.S. § 8-1-111 ("The director is vested with the power and jurisdiction to have such supervision of every employment and place of employment in this state...").

11. At all times relevant to this Complaint, the Defendants were an "employer" subject to the requirements and prohibitions of Colorado Wage and Hour Law and the FLSA. *See* C.R.S. § 8-4-101(6); 7 CCR 1103-1, Rule 1.6(A); 29 U.S.C. § 203(d).

12. At all times relevant to this Complaint, the Defendants were also an "enterprise engaged in commerce" under the FLSA. 29 U.S.C. § 203(s).

## JURISDICTION AND VENUE

13. The Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

14. This Court has original jurisdiction over this action pursuant to Article 6 § 9(1) of the Colorado Constitution and C.R.S. § 13-1-124(1)(a) and (b), and (c).

15. At all times relevant to this Complaint, the Defendants did substantial business in Colorado. The Plaintiffs and the other Class Members worked for the Defendants in Colorado.

16. Venue is proper before this Court pursuant to Rule 98 because the Defendants may be found in this District, and the incidents giving rise to this Complaint occurred in or around this District.

3

## GENERAL ALLEGATIONS

17. The Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

18. The Defendants are a Colorado hotel resort and convention center that opened on December 18, 2018.

19. The Defendants hire banquet servers to set up banquet events and serve guests.

20. The Defendants employed hundreds of individuals as banquet servers ("Class Members") in Colorado from June 2019 to December 2024 ("Relevant Period").

21. The Defendants pay the Plaintiffs and the Class Members on an hourly basis.

22. The Defendants require the Plaintiffs and other Class Members to clock in and clock out using their software.

23. During the period relevant to this Complaint, the Defendants had uniform wage and hour policies and practices.

24. Specifically, during the Relevant Period, the Defendants had a uniform policy or practice of failing to pay the Plaintiffs overtime compensation at a rate of one and one-half times their hourly wage rates for the hours they worked over 40 per week and/or 12 hours per shift.

25. The Defendants also failed to pay other Class Members overtime for the hours they worked over 40 per week and/or 12 hours per shift.

26. Plaintiff Ivan Williamson began working as a banquet server for the Defendants on or around January 2, 2019.

27. During the Relevant Period, Ivan Williamson worked between 41 and 70 hours per week for the Defendants, without overtime compensation.

28. For example, during the May 12, 2022 pay period, Ivan Williamson worked 65.43 hours.

29. The Defendants failed to pay Ivan Williamson the overtime compensation at a rate of one and one-half times his hourly wage rate for at least 25.43 hours that he worked over 40 per week.

30. Based on Ivan Williamson's observations and conversations with many other Class Members, Ivan Williamson is aware that the Defendants did not generally provide them with overtime compensation for hours worked over 40 per week.

31. Plaintiff Kimeka Williamson began working for the Defendants as a banquet server

4

on or around January 2019.

32. During the Relevant Period, Kimeka Williamson typically worked between 41 and 70 hours per week for the Defendants, without overtime compensation.

33. For example, on or around the July 25, 2021 pay period, Kimeka Williamson worked 62 hours.

34. The Defendants failed to pay Kimeka Williamson overtime compensation at a rate of one and one-half times her hourly wage rate for at least 22 hours that she worked over 40 per week.

35. On July 25, 2021, Williamson asked Kraig Braeuning, the Gaylord's Director of Event Operations, if she would be paid for the overtime hours she worked.

36. Braeuning told Williamson that "[b]anquet servers don't get overtime since more than half of your pay is gratuity."

37. Based on Williamson's observations and conversations with many other Class Members, Williamson is aware that the Defendants did not generally provide them with overtime compensation for hours worked over 40 per week.

38. Plaintiff Brennan began working for the Defendants as a banquet server around January 2019.

39. During the Relevant Period, Brennan typically worked between 41 and 70 hours per week for the Defendants, without overtime compensation.

40. For example, during the pay period of October 19, 2023, Brennan worked 45.93 hours.

41. The Defendants failed to pay Brennan the overtime compensation at a rate of one and one-half times his hourly wage rate for at least 5.93 hours that he worked over 40 per week.

42. Based on Brennan's observations of and conversations with many other Class Members, Brennan is aware that the Defendants did not generally provide them with overtime compensation for hours worked over 40 per week.

43. Additionally, during the Relevant Period, the Defendants did not have a policy or practice of providing compensated, uninterrupted, duty-free 10-minute rest periods to banquet servers.

44. Throughout the Plaintiffs' employment, they were consistently unable to take compensated, uninterrupted, duty-free 10-minute rest periods as a result of the Defendants' uniform failure to provide rest periods.

45. The Defendants schedule the Plaintiffs and other Class Members for shifts between approximately three and sixteen hours.

46. A shift over 2 hours and up to 6 hours legally entitles the Plaintiffs to one compensated rest period.

47. A shift over 6 hours and up to 10 hours legally entitles the Plaintiffs to two compensated rest periods.

48. A shift over 10 hours and up to 14 hours legally entitles the Plaintiffs to three compensated rest periods.

49. A shift over 14 hours and up to 18 hours legally entitles the Plaintiffs to four compensated rest periods.

50. During the Relevant Period, the Defendants failed to provide the Plaintiffs and other Class Members with any compensated 10-minute rest periods for every four hours, or major fractions of four hours, that the employees worked, as required by Colorado Wage and Hour Law.

51. For example, the Plaintiffs worked between 41 and 70 hours per week for the Defendants, without any compensated rest periods.

52. As a result of the Defendants' failure to provide rest periods, the Plaintiffs and the Class Members were regularly deprived of rest periods and/or rest period compensation for one to four rest periods per shift.

53. Based on the Plaintiffs' observations, experiences, and conversations with many other hourly employees, they are aware that other Class Members worked similar shifts during the Relevant Period.

54. When the Defendants required the Plaintiffs and other Class Members to work through their ten-minute rest periods, their shifts were effectively extended by 10 minutes.

55. Accordingly, the Plaintiffs and other Class Members consistently performed additional work for which they received no additional compensation.

56. In or around December 2024, the Defendants began to provide the Plaintiffs and other Class Members with the state-mandated rest periods, but failed to compensate the Plaintiffs and other Class Members for the previously missed rest periods.

57. At all times relevant to this Complaint, the Defendants knew, or through the exercise of reasonable diligence should have known, that they were required to pay the Class Members overtime compensation for all of the hours they worked over 40 per week and/or 12 per day, and that they were required to provide compensated, uninterrupted, duty-free 10-minute rest periods to Class Members. Therefore, the Defendants' violations of the Class Members' rights

were willful.

## CLASS ALLEGATIONS

58. The Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

59. In addition to bringing their claims individually, the Plaintiffs also bring this case as a class action under C.R.C.P. 23 on behalf of the following Class:

> All individuals who worked for the Defendants as banquet servers in Colorado from July 31, 2019 to December 2024.[1]

60. The Class satisfies the prerequisites and requirements of C.R.C.P. 23:

   a. The Class consists of hundreds of employees and former employees. Joinder of all such individuals would be impracticable.

   b. There are questions of law and fact that are common to the Class that predominate over issues affecting only individual Class Members, including but not limited to:

      i. Whether the Defendants are covered by Colorado Wage and Hour Law;

      ii. Whether the Defendants failed to pay Class Members overtime compensation for hours they worked over 40 per week and/or 12 per shift;

      iii. Whether the Defendants failed to provide rest periods to the Plaintiffs and the other Class Members as required by Colorado Wage and Hour Law;

      iv. Whether the Defendants failed to compensate the Plaintiffs and the other Class Members for the time they worked during periods that should have been compensated rest periods; and

      v. Whether the Defendants' violations of Colorado Wage and Hour Law were "willful" as a matter of law.

61. The Plaintiffs' claims are typical of the Class Members' claims because they were subject to the policies and practices that are at issue in this action and were thus deprived of overtime compensation and rest periods.

---

[1] *See Perez v. By the Rockies, LLC*, 2023 COA 109, ¶ 1 (holding the applicable statute of limitations period for claims brought under the Colorado Minimum Wage Act is six years).

62. The Plaintiffs will fairly and adequately protect the interests of the Class. They have retained counsel that are experienced in wage and hour class litigation, and the Plaintiffs and their counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Class.

63. The prosecution of this case as a class action is superior to other methods of adjudication. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants and would not serve the interests of judicial economy. Adjudications with respect to individual Class Members would, as a practical matter, be dispositive to the interests of the other Class Members or substantially impair or impede their ability to protect their interests. The Defendants have acted on grounds generally applicable to the Class. Moreover, other than the Plaintiffs, no Class Member are currently pursuing a lawsuit against the Defendants based on the claims set forth in this Complaint.

## COLLECTIVE ALLEGATIONS

64. The Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

65. In addition to bringing this case individually and as a class action under C.R.C.P. 23, the Plaintiffs bring their FLSA claims on behalf of the following FLSA Collective:

> All individuals who worked for the Defendants as banquet servers in Colorado from July 31, 2022 to November 2023.

66. The Plaintiffs and the FLSA Collective Members are "similarly situated" under 29 U.S.C. § 216(b) because they were all subject to the same policies/practices, namely, the Defendants' failure to pay them overtime compensation for all of the hours they worked over 40 per week.

67. The Plaintiffs have consented to be part of this action, and their Consent to Join is being filed herewith as **Ex. 2**.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF COLORADO WAGE AND HOUR LAW

C.R.S. § 8-4-101 *et seq.*
C.R.S. § 8-6-101 *et seq.*
7 CCR 1103-1

*On behalf of the Plaintiffs and the Class Members*

68. The Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set

8

forth herein.

69. The Plaintiffs and the Class Members are "employees" entitled to the protections of Colorado Wage and Hour Law. *See* C.R.S. § 8-4-101(5); 7 CCR 1103, Rule 1.5(A).

70. The Defendants are an "employer" subject to the requirements and prohibitions of Colorado Wage and Hour Law. *See* C.R.S. § 8-4-101(6); 7 CCR 1103-1, Rule 1.6(A).

71. The wages/compensation due to employees under Colorado Wage and Hour Law generally must include overtime compensation at a rate of one and one-half times the employees' regular rate(s) of pay for all hours worked in excess of 40 per week, 12 per day, and/or 12 per shift. *See* 7 CCR § 1103-1: Rule 4.7; *see also* 7 CCR 1103-1, Section 4 (2019-20).

72. Under Colorado Wage and Hour Law, employers are required to provide employees with compensated, uninterrupted, duty-free 10-minute rest periods for every four hours, or major fractions of four hours, that the employees work. *See* 7 CCR 1103-1, Rule 5.2 (2020-2024); *see also* 7 CCR 1103-1, Section 8 (2019-20).

73. The COMPS Order notes the following:

> [w]hen an employee is not authorized and permitted a required 10-minute rest period, his or her shift is effectively extended by 10 minutes without compensation. Because a rest period requires 10 minutes of pay without work being performed, work during a rest period is additional work … Therefore, a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes of wages…

*Id*. at Rule 5.2.4. *See also Pilmenstein v. Devereux Cleo Wallace*, 2021 COA 59, ¶¶ 19, 39.

74. Employers who violate the CWA by failing to pay employees their earned wages (at a rate that is not less than the applicable minimum wage) for all hours worked, or by failing to provide compensated, uninterrupted, duty-free rest periods, and who continue to violate the Act by failing to tender such wages/compensation within 14 days of receiving a "written demand" are liable for either: (A) treble damages, if the employee is not able to show that the employer's wage violation was "willful;" or (B) quadruple damages, if the employee is able to show that the violation was willful. C.R.S. § 8-4-109(3)(a)-(b).

75. In addition, employers who violate the CWA are presumptively liable for attorney's fees and costs incurred by the employee in obtaining their unpaid wages. C.R.S. § 8-4-110(1)(b); *Lester v. Career Bldg. Acad.*, 338 P.3d 1054, 1058 (Colo. App. 2014) (holding that CWA contains rebuttable presumption that prevailing employee is entitled to fees and costs).

76. The Defendants violated Colorado Wage and Hour Law by failing to pay Class Members overtime compensation for all of the hours they worked over 40 per week and/or 12 per shift and by failing to provide Class Members with compensated, uninterrupted, duty-free 10-

9

minute rest periods. *See* **Ex. 1**: INFO #4.

77. Because the Defendants knew or should have known that their policies/practices violated Colorado Wage and Hour Law, their violations were willful. As such, the Defendants are liable for unpaid wages, applicable statutory penalties under C.R.S. § 8-4-109(3), attorney's fees, and costs. *See* C.R.S. §§ 8-4-109(3), 8-4-110, 8-6-118.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

## 29 U.S.C. § 201 *et seq*.

*On behalf of the Plaintiffs and the FLSA Collective Members*

78. The Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

79. At all times relevant to their FLSA claims, the Plaintiffs and the other FLSA Collective Members were "employees" subject to the protections of the FLSA. *See* 29 U.S.C. § 203(e).

80. At all times during the Relevant Period, the Defendants were an "employer" subject to the requirements and prohibitions of the FLSA. *See* 29 U.S.C. § 203(d).

81. At all times during the Relevant Period, the Defendants were also an "enterprise engaged in commerce" under the FLSA. *See* 29 U.S.C. § 203(s).

82. At all times during the Relevant Period, the FLSA required the Defendants to pay the FLSA Collective Members overtime compensation of one and one-half times the applicable minimum wage for all of the hours that they worked over 40 per week. *See* 29 U.S.C. § 207.

83. The Defendants violated the FLSA by failing to pay the Plaintiffs and the other FLSA Collective Members overtime compensation for hours that they worked over 40 per week. *See* 29 U.S.C. § 207.

84. At all times relevant to this Complaint, the Defendants knew or, through the exercise of reasonable diligence should have known, that they were required to pay the FLSA Collective Members overtime compensation. As such, the Defendants' violations of the FLSA were willful. *See* 29 U.S.C. § 255; *see also Mumby*, 636 F.3d at 1270.

85. Because the Defendants willfully violated the FLSA, they are liable to the Plaintiffs and the other FLSA Collective Members for unpaid overtime compensation, liquidated damages in an amount equal to the overtime compensation owed, reasonable attorneys' fees, and costs. *See* 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

For the reasons set forth above, judgment should be entered for the Plaintiffs, and against the Defendants, and:

I. The Court should issue a declaratory judgment condemning the Defendants' violations of Colorado Wage and Hour Law and the FLSA;

II. The Court should also issue temporary and permanent injunctions prohibiting the Defendants from continuing to violate Colorado Wage and Hour Law and the FLSA;

III. The Court should conditionally certify the FLSA Collective and authorize notice of this action to be sent to all Class Members;

IV. At the earliest practicable time, the Court should certify the Class pursuant to C.R.C.P. 23, appoint the Plaintiffs and their counsel to represent the Class, and authorize notice of this action to be sent to all potential Class Members;

V. The Court should award the Plaintiffs and the Class Members:

   a. Unpaid wages in amounts to be determined at trial;

   b. Mandatory statutory penalties under C.R.S. § 8-4-109(3)(b)(I) in amounts to be determined at trial;

   c. Additional statutory penalties under C.R.S. § 8-4-109(3)(b)(II) in amounts to be determined at trial; and

   d. Reasonable attorney's fees, and costs incurred in this action;

VI. The Court should award the Plaintiffs and the FLSA Collective Members:

   a. Unpaid overtime compensation in amounts to be determined at trial;

   b. Liquidated damages in amounts equal to the unpaid overtime compensation awarded; and

   c. Reasonable attorney's fees and costs;

VII. Individually, the Plaintiffs should be awarded:

   a. Unpaid wages in amounts to be determined at trial;

11

    b. Mandatory statutory penalties under C.R.S. § 8-4-109(3)(b)(I) in amounts to be determined at trial;

    c. Additional statutory penalties under C.R.S. § 8-4-109(3)(b)(II) in amounts to be determined at trial; and

    d. Reasonable attorney's fees, and costs incurred in this action;

    e. Liquidated damages in an amount to be determined at trial; and

    f. Reasonable attorney's fees, and the costs of this action; and

VIII.    The Plaintiffs, the Class Members, and the Collective Members should also be awarded any other and further relief that the Court or the jury may find to be equitable, appropriate, and just.

## JURY DEMAND

The Plaintiffs demand a jury on all issues that are triable by jury.

Respectfully submitted on this 31st day of July, 2025.

*/s/ Adam M. Harrison*

_____

Adam M. Harrison, #50553
Cynthia J. Sanchez, #55999
HKM Employment Attorneys LLP
518 17th Street, Suite 1100
Denver, Colorado 80202
Phone: (720) 255-0370
E-mail: aharrison@hkm.com
        csanchez@hkm.com

*Counsel for the Plaintiffs, individually and on behalf of all others similarly situated*